### Central Park Presbyterian Church v. Hoskins.

1. SERVICES—*When Not Gratuitous.*—An architect furnished, gratuitously, plans for a church costing $3,500. The church authorities, in the absence of any agreement that he was to do so without charge, asked him to prepare other plans for a building, costing considerable more, which he did, and for which he was allowed to recover.

2. PLEADING—*Architect's Services.*—The services of an architect are classed as work and labor and may be recovered for under the common counts.

Memorandum.—Assumpsit. In the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Declaration upon the common counts; judgment for plaintiff. Appeal by defendant. Heard in this court at the October term, 1893, and affirmed. Opinion filed February 13, 1894.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, L. HARMON, ATTORNEY.

One who has made a choice between two inconsistent or alternative rights or benefits, is estopped to assert or claim

the other.    Lee v. Templeton, 73 Ind. 315; Stoddard v. Cut-compt, 41 Ia. 329; Succession of Monette, 26 La. Ann. 26; Watson v. Watson, 128 Mass. 152; Kunzie v. Wixom, 39 Mich. 384; Steinbach v. Relief Ins. Co., 77 N. Y. 498; Scholey v. Rew, 23 Wall. (U. S.) 331.

When a party to contract or transaction induces another to act upon a reasonable belief that he will waive certain rights or terms, he will be estopped to insist upon such rights or terms to the injury of the one misled by his conduct. Longfellow v. Moore, 102 Ill. 289; Giddens v. Crenshaw, 74 Ala. 471; Daniels v. Edwards, 72 Ga. 196; Keys v. Scanlan, 63 Wis. 345; Haney v. Roy, 54 Mich. 635; Westbeiner v. Phillips, 11 Neb. 54; Winchester Mfg. Co. v. Funge, 109 U. S. 652.

R. H. Vickers and James B. Muir, attorneys for appellee.

Opinion of the Court, Waterman, J.

This was an action by appellee for compensation for services as an architect, by him performed for appellant.

The principal question was whether these services were freely rendered in a presentation of plans by architects competing for employment about a building to be erected by appellant. If we were trying this case upon the questions of law and fact shown by the record, and upon the evidence there presented, we quite likely would not come to the conclusion reached by the court and jury before whom the case was tried; yet we see no sufficient reason for interfering with the conclusion reached by the jury; to the arbitration of juries, questions of fact are by the law committed.

It is doubtless the case that the sympathies of the jury were, at the outset, with appellee and against the corporation he had sued; but this is almost invariably the case where individuals have litigation with incorporated bodies, and would be the case upon another trial of this cause.

Appellee may have intended to furnish, gratuitously, preliminary plans for a structure to cost $3,500, and have been

unwilling to supply sketches or suggestions of any sort as to a building costing considerably more than that sum.

We think that there was evidence warranting the jury in concluding that after appellee had gratuitously supplied plans for a small structure, the church authorities, in the absence of any agreement that he was to do so without charge, asked him to, and that he did, make and present other plans, for which latter work the court below has awarded him compensation.

It was not necessary that there should be any special count in the plaintiff's declaration. His action was really for work and labor, and the common counts were sufficient. Moulton v. Trask, 9 Metcalf, 577.

The suggestions of appellant that the *allegata* and *probata* must correspond, are a correct statement of the law, but are not applicable to the conditions presented by the record of this case.

The question in this case is not whether the trustees of appellant were, by any action on its part, authorized to employ appellee, but were. they as trustees or officers clothed with such apparent authority as made their acts binding upon appellant when dealing with one who in good faith gave credit to the corporation.

Some of the rulings of the court below complained of, can not, in the light of this record, be justified, but we find none so prejudicial to appellant as to require a reversal of this judgment, and it is affirmed.